[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant William D. Finch was indicted for possession of cocaine in violation of R.C. 2925.11(A). Finch filed a motion to suppress, challenging the constitutionality of the stop that led to the charge against him. At the hearing on the motion, the arresting officer testified that he had observed Finch sitting in a car taking tobacco out of a cigar, which indicated to the officer that Finch may have been "lacing a blunt," or filling a cigar with contraband. The officer stated that, in order to gain a better view, he drove alongside Finch's car, but was unable to see anything more because Finch's side window was heavily tinted. The officer stated that he then stopped Finch. As he approached the car, the officer observed tobacco on Finch and on the floor of the car. The officer asked Finch to get out of the car, but Finch refused and shoved his hand into the center console. The officer stated that he thought Finch was getting a gun, so he forcibly removed Finch from the car. Once Finch was out of the car, the officer observed crack cocaine in the open console.
Finch also testified at the suppression hearing. According to his contradictory account of the incident, he had complied with the officer, and the console where the cocaine was found had not been open.
The trial court denied the motion to suppress, stating that the deciding fact in the case was Finch's furtive gestures. Thereafter, Finch entered a plea of no contest, was found guilty of possession of cocaine, and was sentenced accordingly. Finch now appeals his conviction, asserting four assignments of error that essentially contend that the trial court erred by failing to grant the motion to suppress. Because these assignments all concern whether the initial stop was unconstitutional, we address them together.
Preliminarily, Finch maintains that the initial stop was invalid because he was stopped for a traffic violation but was never given a citation. At the suppression hearing, the arresting officer testified that he stopped Finch's car because he had observed a traffic violation. Specifically, the officer stated that Finch's car windows were heavily tinted in violation of R.C. 4513.241(A). Because the arresting officer had personally observed this violation, there was competent, credible evidence that the officer had probable cause to stop Finch,[1] and the fact that the officer did not cite Finch for the violation was irrelevant. The officer also testified that he observed Finch in an area known for drug abuse, putting what appeared to be contraband into a cigar. When viewed through the eyes of a reasonable and prudent officer on the scene, the evidence provided a justification for the stop on this basis as well.[2]
Finch also argues that even if the initial stop was valid, it lasted longer than necessary to effectuate the officer's purpose. At the hearing on the motion, the officer testified that Finch made furtive gestures towards the console. Given this, the area's reputation for criminal activity, Finch's refusal to get out of the car, and Finch's refusal to remove his hand from the console, we hold that there was competent, credible evidence to justify the officer's belief that his safety was jeapordized and to warrant a protective search of the car for weapons.[3]
As a result, the seizure of the cocaine without a search warrant was valid, as it was in plain view.[4]
In sum, we hold that the stop and search did not violate Finch's constitutional rights and that the trial court properly denied his motion to suppress. Accordingly, we overrule Finch's four assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ___________________ Gorman, P.J.,
Painter and Sundermann, JJ.
[1] See Whren v. United States (1996), 517 U.S. 806, 810,116 S.Ct. 1769, 1772; Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11,665 N.E.2d 1091, 1097.
[2] See Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1879-1880.
[3] See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 982; State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus; State v. Curry (1994), 95 Ohio App.3d 93, 97,641 N.E.2d 1172, 1174.
[4] See State v. Williams (1978), 55 Ohio St.2d 82, 377 N.E.2d 1013, paragraph one of the syllabus.